**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 07-cv-02230-REB-BNB

NEW PRO PUBLICATIONS, a division of
FILTER-RITE SYSTEMS, INC.,
a Canadian corporation,

      Plaintiff,

v.

LINKS MEDIA GROUP, L.L.C., and
PETER ALLEN TANDY, individually,

      Defendants.

## TEMPORARY RESTRAINING ORDER

**Blackburn, J.**

This matter is before me on the **Plaintiff's Motion for Temporary Restraining Order**, which is a part of **Plaintiff's Motion for Temporary Restraining Order And Preliminary Injunction** [#2], filed October 23, 2007. Both defendants properly have been served with a summons, copies of the plaintiff's complaint, and the motion for temporary restraining order. I grant the motion.

### I. BACKGROUND

On October 23, 2007, I entered a **Scheduling Order** [#4], which required, *inter alia*, that defendants file a response to the motion on or before 11:00 a.m. (MDT) on Thursday, October 25, 2007. Neither defendant filed a response. In the same order, I set a hearing on the plaintiff's motion for Thursday, October 25, 2007, beginning at 2:00 p.m. A copy of my order was delivered to counsel for defendant, Peter Allen Tandy, on October 23, 2007.

1

*Certificate of compliance* [#7], filed October 24, 2007. I conducted a hearing on the plaintiff's motion for temporary restraining order on October 25, 2007, beginning at 2:00 p.m. The plaintiff appeared by counsel and with an individual representative of the plaintiff corporation. Defendant, Links Media Group, LLC., did not appear by counsel or otherwise. Defendant, Peter Allen Tandy, did not appear in person, but did appear by counsel. Tandy's counsel stated on the record at the hearing that he does not represent defendant, Links Media Group, LLC.

This civil action was commenced on October 23, 2007, by plaintiff's filing of the **Complaint for Damages And Injunctive Relief With Jury Demand** [#1]. The complaint avers ten (10) claims for relief: 1) trademark infringement; 2) copyright infringement; 3) unfair competition and false designation of origin; 4) trade dress infringement; 5) common law unfair competition and misappropriation; 6) unjust enrichment; 7) breach of contract - defendant Tandy only; 8) Colorado trade secrets act - defendant Tandy only; 9) permanent and temporary injunction; 10) fraudulent registration of trademark - defendant Links Media LLC only.

I have personal jurisdiction over the parties to this action. *See* the returns of service appearing in [#5 & 6]. I have subject matter jurisdiction over this action under 15 U.S.C. § 1121 (action arising under the Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. 1338(a) (action arising under Act of Congress relating to trademarks), 28 U.S.C. § 1338(b) (action asserting a claim of unfair competition joined with a substantial and related claim under the trademark laws), and 28 U.S.C. § 1367 (supplemental jurisdiction). Venue is proper in the United States District Court for the District of Colorado under 28 U.S.C. § 1391.

## II.  ANALYSIS

In determining whether a temporary restraining order should issue, I have judicially noticed all relevant adjudicative facts in the file and record *pro tanto*; I have considered the evidence adduced at the hearing; I have considered the oral argument made by counsel for the plaintiff and counsel for defendant Tandy, and I have considered the evidence presented, reasons stated, arguments advanced, and authorities cited by the plaintiff in its motion for TRO.

A temporary restraining order is extraordinary relief.  A party seeking a preliminary injunction or a temporary restraining order must show 1) a substantial likelihood that the movant eventually will prevail on the merits; 2) that the movant will suffer irreparable injury unless the injunction issues; 3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party;  4) that the injunction, if issued, would not be adverse to the public interest.  **Lundgrin v. Claytor**, 619 F.2d 61, 63 (10th Cir. 1980).  In addition to the foregoing factors, a party seeking a temporary restraining order also must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order.  **FED. R. CIV. P. 65(b)**.  On balance, the record in this case demonstrates that these factors weigh heavily in favor of injunctive relief, initially in the form of a temporary restraining order.

## III.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That under FED. R. CIV. P. 65, the plaintiff's motion for temporary restraining order [#2], filed October 23, 2007, **IS GRANTED** on the terms stated in this order,

**EFFECTIVE FORTHWITH**;

    2.  That defendants, Links Media Group, LLC, and Peter Allen Tandy, are **TEMPORARILY ENJOINED AND RESTRAINED** from printing, distributing, or setting out in any electronic format any New Pro Publications trademark or trade name, or any variations thereof, or any New Pro Publications trademark or trade name that is confusingly or deceptively similar to a New Pro Publications trademark or trade name;

    3.  That defendants, Links Media Group, LLC, and Peter Allen Tandy, are **TEMPORARILY ENJOINED AND RESTRAINED** from printing, distributing, or setting out in any electronic format any designation or description of fact stating an affiliation, connection, or association between the defendants and New Pro Publications, or stating that the goods, services, or commercial activities of Links Media Group, LLC, or Peter Allen Tandy originate with, are sponsored by, or are approved by New Pro Publications;

    4.  That defendants, Links Media Group, LLC, and Peter Allen Tandy, are **TEMPORARILY ENJOINED AND RESTRAINED** from printing, distributing, or setting out in any electronic format any of New Pro Publications' copyrighted material;

    5.  That defendants, Links Media Group, LLC, and Peter Allen Tandy, are **TEMPORARILY ENJOINED AND RESTRAINED** from distributing, publishing, selling, or disseminating any of New Pro Publications' copyright or trademark protected materials;

    6.  That defendants, Links Media Group, LLC, and Peter Allen Tandy, are **TEMPORARILY ENJOINED AND RESTRAINED** from making false or misleading statements regarding the Caddy Card, New Pro Publications' copyright protected materials, or New Pro Publications, whether verbally or in writing;

    7.  That defendants, Links Media Group, LLC, and Peter Allen Tandy, are

**TEMPORARILY ENJOINED AND RESTRAINED** from claiming or asserting in any manner that Links Media Group, LLC, or Peter Allen Tandy have produced and/or distributed the Caddy Card for over a decade and have published millions of Caddy Cards to date;

8.  That defendants, Links Media Group, LLC, and Peter Allen Tandy, are **TEMPORARILY ENJOINED AND RESTRAINED** from claiming or asserting in any manner to any person or entity that Links Media Group, LLC, and/or Peter Allen Tandy own or have any right to control New Pro Publications' copyright or trademark protected materials;

9.  That defendant, Peter Allen Tandy, is **TEMPORARILY ENJOINED AND RESTRAINED** from disclosing or using any confidential and proprietary information of New Pro Publications, including any techniques, plans, or designs set forth in the New Pro Publications training manual ;

10.  That defendant, Peter Allen Tandy, is **TEMPORARILY ENJOINED AND RESTRAINED** from seeking or obtaining sales of advertisements in golf course score cards within the state of Colorado;

11.  That defendant, Peter Allen Tandy, is **TEMPORARILY ENJOINED AND RESTRAINED** from disclosing confidential information of New Pro Publications concerning its services, processes, technology, research, documents, methods, or trade secrets to any other person or entity;

12.  That defendant, Links Media Group, LLC, is **ORDERED TO REMOVE FORTHWITH** from the world wide web the web sites www.linksmediagroup.com and www.linksmedia.typepad.com;

13.  That the orders specified herein **SHALL APPLY** to each defendant, as

specified in this order, and to the defendants' agents, servants, employees, attorneys-in-fact, attorneys-in-law, and any and all persons in active concert or participation with the defendants, jointly or severally, who receive actual notice of this Temporary Restraining Order by personal service or otherwise;

14.  That under FED. R. CIV. P. 65(c), plaintiff, New Pro Publications, a division of Filter-Rite Systems, Inc., a Canadian corporation, is **ORDERED** to deposit with the Clerk of the Court a bond in the amount of **300 (three hundred) dollars** for the payment of such costs and damages as may be suffered by any party later found to have been wrongfully restrained;

15.  That the bond shall be deposited with the Clerk of the Court on or before Monday, October 29, 2007, at 5:00 p.m. (mountain daylight time);

16.  That this Temporary Restraining Order shall expire, if not sooner modified or dissolved, on **Friday, November 9th, 2007, at 3:45 p.m.**;

17.  That the court shall hear the plaintiff's motion for preliminary injunction, which is an integral part of its motion for temporary restraining order, on **Thursday, November 8, 2007, at 2:30 p.m.**, mountain daylight time, reserving the balance of that afternoon, if necessary, for hearing; and

18.  That the plaintiff shall serve a copy of this Temporary Restraining Order on defendant, Links Media Group, LLC, in the manner prescribed by law.

Dated at 3:45 p.m., October 26, 2007, at Denver, Colorado.

                **BY THE COURT:**

                **s/ Robert E. Blackburn**
                **Robert E. Blackburn**
                **United States District Judge**